BRUCE G. FAGEL, State Bar No. 103674
Law Offices of Bruce G. Fagel & Associates
100 North Crescent Drive, Suite 360
Beverly Hills, California 90210
Tel: (310) 281-8700
Fax: (310) 281-5656
E-mail: BruceFagel@fagellaw.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.L.C., a minor, by and through her guardian ad litem, ERNEST CUELLAR; VIVIAN LACY, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DAMAGES FOR MEDICAL MALPRACTICE** <br><br> 1. Negligence <br> 2. Negligence <br> 3. Negligent Infliction of Emotional Distress |

Comes now A.L.C., a minor, by and through her *guardian ad litem*, ERNEST CUELLAR, and VIVIAN LACY, hereinafter referred to as Plaintiffs, and for causes of action against the Defendant UNITED STATES OF AMERICA for (1) negligence and medical malpractice by the minor A.L.C. for injuries during her mother's pregnancy birth and delivery, resulting in severe neurological injuries and brain damage; (2) for negligence and medical malpractice by VIVIAN LACY for personal injuries during her pregnancy of the minor, A.L.C.; (3) for negligence and emotional distress injuries by VIVIAN LACY occurring during the birth and delivery of her daughter, brought pursuant to *Burgess v. Superior. Court* (1992) 2 Cal.4th 1064.

**Jurisdiction and Venue**

1.   This Court has jurisdiction over this action because it arises under the *Federal Tort Claims Act(FTCA)*, Title 28, 2671, *et seq*, of the *United States Code.* This Court is vested with jurisdiction pursuant to 28 U.S.C. 1346(b). The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

2.   Plaintiffs have exhausted all administrative remedies. On or about December 15, 2017, Plaintiffs presented timely claims alleged in the complaint to the UNITED STATES OF AMERICA and the Department of Health & Human Services, the appropriate Federal agency for such claims, in the amount of $20,000,000.00 for A.L.C. and $600,000.00 for VIVIAN LACY.

The UNITED STATES OF AMERICA has made a final disposition of the claims pursuant to 28 U.S.C. §§ 2401(b). On January 8, 2018, by letter, the UNITED STATES OF AMERICA denied the claims in their entirety. A true and correct copy of said rejection letter is attached as Exhibit A. This action is timely filed within six (6) months of said rejection of the Federal Tort Claim.

3.   This action for medical malpractice and personal injuries arises from actions by Members of the Public Health Services and employees of federally supported medical clinics by way of the *Federally Supported Health Centers Assistance Act*. Title 42 U.S.C. §233 (g)(k), which provides that the *Federal Tort Claims Act* is the exclusive remedy against the United States for such injuries caused by employees of a deemed community health center.

4.   Plaintiffs' claims arise from medical care and

treatment received from the Sacramento Community Clinic-Assembly Court, located in Sacramento, California, a federally supported medical clinic and deemed community health center, and grantee of the United States Department of Health & Human Services, and from Chainaronk Limanon, M.D., and other medical providers, who were at all times relevant, physicians and health care providers, all of whom were employees or agents of Sacramento Community Clinic-Assembly Court.

5. The United States District Court, Eastern District of California, sitting Sacramento, is the proper court for venue for these actions, pursuant to 28 U.S.C.§ 1402(b) wherein the acts or omissions complained of occurred, and also pursuant to Local Rule 120, as Sacramento Community Clinic-Assembly Court, is situated at 5524 Assembly Court, Sacramento, CA., 95823, and the negligent actions of the Defendant and its agents and employees, occurred within said County of Sacramento, and the Eastern District of the United States District Court of California.

**Status of the Parties**

6. Plaintiff VIVIAN LACY is the mother of A.L.C., a minor, born 2016 at Marshall Medical Center in Placerville, California.

7. Plaintiffs VIVIAN LACY and A.L.C., a minor, are residents the City of Sacramento, Sacramento County, California.

8. The Guardian ad Litem of the minor plaintiff is ERNEST CUELLAR, the father of the minor plaintiff A.L.C. He is also a resident of the City and County of Sacramento, California and resides with the plaintiffs.

On or about February 9, 2018, he was appointed the minor plaintiff's guardian *ad litem* by the Sacramento County Superior

Court in the matter entitled A.L.C., a minor, by and through her guardian ad litem ERNEST CUELLAR, *et* al., vs. DOUGLAS W. HERSHEY M.D., and PRENATAL DIAGNOSIS OF NORTHERN CALIFORNIA MEDICAL GROUP, INC., et al., case number 34-2018-00226713, an active case filed on February 14, 2018, related to and arising out of the same facts as this matter. A true and correct copy of the Application and Order for Appointment of Guardian ad Litem - Civil, is attached hereto, as Exhibit B.

9. Defendant UNITED STATES OF AMERICA acting through the Department of Health & Human Services, is the grantor of federal status and funding upon Sacramento Community Clinic-Assembly Court, located in Sacramento, California, a federally supported medical clinic and deemed community health center, and grantee of the United States Department of Health & Human Services, and from Chainaronk Limanon, M.D., and other medical providers, who were at all times relevant, physicians and health care providers, all of whom were employees or agents of Sacramento Community Clinic-Assembly all of whom negligently treated and cared for the plaintiffs during the minor's pregnancy.

10. Chainaronk Limanon, M.D., is a physician and surgeon, whose address listed by the Medical Board of the State of California is804 Still Breeze, Sacramento, CA 95831.

11. Chainaronk Limanon, M.D. and other health care providers, at the Sacramento Community Clinic-Assembly Court, as its agents and employees, all of whom negligently treated and cared for the plaintiffs during the minor's pregnancy, labor, delivery, birth and thereafter.

Whenever the term "Defendant" appears it refers to the UNITED STATES OF AMERICA, and its grantees Chainaronk Limanon, M.D. and other health care providers, at the Sacramento Community Clinic-Assembly Court.

**General Allegations**

12. All of the facts, acts, events and circumstances herein mentioned and described occurred in the County of Sacramento, State of California and the City of Placerville, situated within the County of El Dorado, California

13. At all times herein mentioned, Chainaronk Limanon, M.D.,was, and now is, a physician and surgeon, holding himself out as duly licensed to practice his profession under and by virtue of the laws of the State of California and was, and now is, engaged in the practice of his profession in the State of California.

14. At all times herein mentioned Sacramento Community Clinic-Assembly Court, was a California Corporation or other entity, providing health care services as a federally supported medical clinic and grantee of the United States Department of Health & Human Services, who employed Chainaronk Limanon, M.D., and other health care providers.

15. All of the acts complained of herein by Plaintiffs against said Defendant were done and performed by said Defendant by and through its duly authorized agents, servants and employees, listed above, each of whom and all of whom were at all times mentioned herein acting within the course, purpose, and scope of their said agency, ostensible or actual, service and employment.

**I.**

**PLAINTIFF A.L.C., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM ERNEST CUELLAR ALLEGES FOR A CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANT AS FOLLOWS:**

16. Plaintiff A.L.C. repeats and repleads each and every allegation contained each of the foregoing paragraphs, and incorporates the same herein by reference.

17. At all times herein mentioned, and prior thereto, the Plaintiff was in the exclusive control of the Defendant, and that at no time prior to the events, conduct, activities, care and treatment herein complained of did the Defendant obtain knowledgeable, informed consent for said care, treatment or conduct; that prior to the initiation of or performance of said care, treatment, procedure or conduct no opportunity was afforded the Plaintiff or any authorized agent of the Plaintiff to exercise voluntary, knowledgeable and informed consent to said care, treatment, procedure or conduct.

18. Prior to 2016, the date of A.L.C.'S birth, and thereafter, VIVIAN LACY employed Sacramento Community Clinic-Assembly Court, and its employees and agents, including, but not limited to Chainaronk Limanon, M.D.,M.D., to diagnose and treat her condition of pregnancy and to do all things necessary for her care and the care of her baby, A.L.C., including, but not limited to, pre-delivery care, the delivery, and post-delivery care.

19. While minor Plaintiff A.L.C. was under the sole and exclusive care and control of the Defendant, and each of them, Defendant and its agents and employees, negligently, carelessly and unskillfully selected various hospitals and physicians and

other health care providers, negligently delivered, examined, treated, cared for, diagnosed, operated upon, attended and otherwise handled and controlled the minor Plaintiff herein, thereby proximately causing injuries and damages to the minor Plaintiff, including but not limited to severe neurological injuries and brain damage. Said acts of negligence include, but are not limited to, the following negligent acts and omissions:

A.L.C., was born 2016 at Marshall Medical Center. She was born premature at 25.4 weeks. The negligence which permitted the premature delivery was the failure by the Defendant to place and/or recommend a cervical circlage, although it was known the mother had a short cervix.

20.  As a legal result of the negligence of the Defendant, the minor Plaintiff was injured in health, strength and activity, sustaining severe shock, and injury to the body, all of which said injuries have caused and continue to cause Plaintiff great physical, emotional, and nervous pain and suffering, and which said injuries Plaintiff is informed and believes, and thereon alleges, will result in loss of earnings, permanent disability, loss of enjoyment of life, and impairment of earning capacity.

21.  As a further legal result of the negligence of the Defendant and its agents and employees, and the resulting injuries to the Plaintiff, said Plaintiff was compelled to, and did, incur expenses for medical and surgical attention, hospitalization, nursing, medication and incidentals for said Plaintiff in an amount unknown to Plaintiff at present.

22.  As a further legal result of the negligence of the Defendant, and of the resulting injuries, Plaintiff will be

obliged to incur expenses for medical care and hospitalization for an indefinite period in the future and to pay for these expenses in the treatment and relief of injuries for medical and surgical attention, hospitalization, nursing, medication, and incidentals for said Plaintiff in an amount unknown to Plaintiff at present.

23. As a further legal result of the negligence of the Defendant, Plaintiff will suffer a decreased earnings and earning capacity in the future and future earnings to Plaintiff's further damage in a sum unknown at present.

**II.**

**PLAINTIFF VIVIAN LACY ALLEGES FOR A SEPARATE AND DISTINCT CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANT AS FOLLOWS:**

24. Plaintiff VIVIAN LACY repeats and repleads each and every allegation contained in each of the preceding paragraphs and incorporates the same herein by reference.

25. At all times herein mentioned, the Plaintiff was in the exclusive control of the said Defendant and that at no time prior to the events, conduct, activities, care and treatment herein complained of did the said Defendant obtain knowledgeable, informed consent for said care, treatment or conduct; that prior to the initiation of or performance of said care, treatment, procedure or conduct no opportunity was afforded the Plaintiff or any authorized agent of the Plaintiff to exercise voluntary, knowledgeable and informed consent to said care, treatment, procedure or conduct.

26. Prior to 2016, the date of A.L.C.'S birth, and

thereafter, VIVIAN LACY employed said Defendant to diagnose and treat her condition of pregnancy and to do all things necessary for her care, including, but not limited to, pre-delivery care, the delivery and post-delivery care.

27. While Plaintiff VIVIAN LACY was under the sole and exclusive care and control of the said Defendant, Defendant, negligently, carelessly and unskillfully delivered, examined, treated, cared for, diagnosed, operated upon, attended and otherwise handled and controlled the Plaintiff herein, thereby proximately causing injuries and damages to Plaintiff.

28. As a legal result of the negligence of the Defendant, Plaintiff was injured in her health, strength and activity, sustaining severe shock, and injury to Plaintiff's body, all of which said injuries have caused and continue to cause Plaintiff great physical, emotional, and nervous pain and suffering, and which said injuries Plaintiff is informed and believes, and thereon alleges, will result in loss of earnings, permanent disability, loss of enjoyment of life, and impairment of earning capacity.

29. As a further legal result of the negligence of the Defendant, and the resulting injuries to the Plaintiff, said Plaintiff was compelled to, and did, incur expenses for medical and surgical attention, hospitalization, nursing, medication and incidentals for said Plaintiff in an amount unknown to Plaintiff at present.

30. As a further legal result of the negligence of the Defendant, and of the resulting injuries, Plaintiff will be obliged to incur expenses for medical care and hospitalization

for an indefinite period in the future and to pay for these expenses in the treatment and relief of injuries for medical and surgical attention, hospitalization, nursing, medication, and incidentals for said Plaintiff in an amount unknown to Plaintiff at present.

31. As a further legal result of the negligence of the Defendant, Plaintiff VIVIAN LACY has suffered loss of earnings and will suffer a decreased earning capacity in the future and future earnings to Plaintiff's further damage in a sum unknown at present.

## III.

**PLAINTIFF VIVIAN LACY ALLEGES FOR A SEPARATE AND DISTINCT CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT AS FOLLOWS:**

32. Plaintiff VIVIAN LACY repeats and repleads each and every allegation contained in the preceding paragraphs and incorporates the same herein by reference.

33. At all times herein mentioned, VIVIAN LACY was the mother of A.L.C., the minor Plaintiff, and was and is under a duty to care for the minor child herein. Plaintiff VIVIAN LACY employed said Defendant to care for and treat herself and her minor child, A.L.C. during the pregnancy, labor and delivery.

34. At all times mentioned, said Defendant was under a legal duty to Plaintiff with respect to the care and treatment of the child, A.L.C. while the child was a patient in the said clinic and under the care of the said health care providers, the agents and employees of Defendant.

Said Defendant treated and cared for both the minor and VIVIAN

LACY during the labor and delivery of VIVIAN LACY and thereafter.

35. At all times mentioned, there existed a close relationship between Plaintiff VIVIAN LACY and A.L.C. namely, mother and child, and said Defendant was aware of this close relationship when it agreed to care for the child. It was foreseeable that Plaintiff VIVIAN LACY would be damaged directly by negligent acts or omissions to act and committed upon the child. Said Defendant was aware that Plaintiff VIVIAN LACY was concerned about the physical well being of her child when Defendant agreed to treat both the child and mother.

36. It was reasonably foreseeable and easily predictable that any acts of negligence by the Defendant or its agents or employees that would injure the child would lead to serious emotional distress in Plaintiff VIVIAN LACY. Because the risk of harm to the Plaintiff was reasonably foreseeable and easily predictable, Defendant owed Plaintiff a duty to exercise due care in diagnosing, caring for, and treating Plaintiff's child, A.L.C.. This is especially true as Defendant agreed to and did treat both VIVIAN LACY and A.L.C. at the same time.

37. Said Defendant in disregard of the probability that its actions would cause severe emotional distress, in failing to provide the necessary medical treatment to Plaintiff VIVIAN LACY and her child, caused Plaintiff VIVIAN LACY severe emotional distress arising from the abnormal event of participating in a negligent delivery and reacting to the tragic outcome with fright nervousness and shock, grief, anxiety, worry, mortification, shock, humiliation and

indignity.

38. These damages for emotional distress accrued separately, and at separate times and upon different facts, from Plaintiff VIVIAN LACY's previous cause of action for negligence from which she suffered physical injuries and pain and suffering during the negligently conducted labor and delivery.

39. As a further legal result of the negligence of the Defendant, and of the resulting injuries, Plaintiff will be obliged to incur expenses for medical care and hospitalization for an indefinite period in the future and to pay for these expenses in the treatment and relief of injuries for medical and surgical attention, hospitalization, nursing, medication, and incidentals for said Plaintiff in an amount unknown to Plaintiff at present.

40. As a further legal result of the negligence of the Defendant, Plaintiff has suffered loss of earnings and will suffer a decreased earning capacity in the future and future earnings to Plaintiff's further damage in a sum unknown at present.

41. By reason of the negligence of said Defendant and its employees and agents, Plaintiff VIVIAN LACY suffered severe and serious emotional distress and shock and injury to her nervous system and body, all to her general damage in a sum within the jurisdiction of this Court and pursuant to *Burgess v. Superior. Court* (1992) 2 Cal.4th 1064.

WHEREFORE, Plaintiffs pray for damages against Defendant UNITED STATES OF AMERICA, as follows:

Complaint for Damages for Medical Malpractice (FTCA)

I. FOR THE CAUSE OF ACTION FOR NEGLIGENCE FOR PLAINTIFF A.L.C., A MINOR:

1. General damages, according to proof;
2. Past and future medical expenses, according to proof;
3. For loss of future earning and earning capacity, according to proof;
4. Costs of suit incurred herein, and
5. For such other and further relief as to the Court appears just and proper.

II. FOR THE CAUSE OF ACTION FOR NEGLIGENCE FOR PLAINTIFF VIVIAN LACY:

1. General damages, according to proof;
2. Past and future medical expenses, according to proof;
3. For loss of past and future earning and earning capacity, according to proof;
4. Costs of suit incurred herein, and
5. For such other and further relief as to the Court appears just and proper.

III. FOR THE CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS FOR PLAINTIFF VIVIAN LACY:

1. General damages, according to proof;
2. Special damages, according to proof;
3. Costs of suit incurred herein, and

/ / /

/ / /

/ / /

/ / /

/ / /

Complaint for Damages for Medical Malpractice (FTCA)

4. For such other and further relief as to the Court appears just and proper.

DATED: June 25, 2018                Law Offices of Bruce G. Fagel and Associates

                                    By:    /s/ Bruce G. Fagel
                                    Bruce G. Fagel
                                    Attorneys for Plaintiffs